IRENE KARBELASHVILI, Esq. (SBN 232223)
IRAKLI KARBELASHVILI, Esq. (SBN 302971)
ALLACCESS LAW GROUP
irene@allaccesslawgroup.com
irakli@allaccesslawgroup.com
1400 Coleman Ave Ste F28
Santa Clara, CA 95050
Telephone: (408) 295-0137
Fax: (408) 295-0142

Attorneys for Plaintiff
DEBORAH REINER

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBORAH REINER,<br><br>  Plaintiff,<br><br>  v.<br><br>DICKENS HOUSE II HOMEOWNERS ASSOCIATION; HIGHER GROUND PROPERTY MANAGEMENT, INC.,<br><br>  Defendants. | CASE NO. 23-10050<br>Civil Rights<br><br>COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF AND DAMAGES:<br><br>1) Violation of the Federal Fair Housing Act (42 U.S.C. § 3601 et seq.)<br><br>2) Violation of California Fair Employment and Housing Act (Cal. Government Code § 12955 et. seq.)<br><br>3) Violation of the California Disabled Persons Act (Civil Code § 54 et seq.)<br><br>4) Violation of the California Unruh Act (Civil Code § 51(b))<br><br>DEMAND FOR JURY TRIAL |

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

Plaintiff DEBORAH REINER complains of Defendants DICKENS HOUSE II HOMEOWNERS ASSOCIATION; HIGHER GROUND PROPERTY MANAGEMENT, INC., and alleges as follows:

1. **INTRODUCTION:** Plaintiff DEBORAH REINER brings this action against DICKENS HOUSE II HOMEOWNERS ASSOCIATION; HIGHER GROUND PROPERTY MANAGEMENT, INC., ("Defendants") the owners, operators, and/or managers of condominium building located at 15212-15222 1/4 Dickens St, Sherman Oaks, California ("Dickens House"), alleging discrimination on the basis of disability in violation of the federal Fair Housing Act, 42 U.S.C. § 3601, et seq., and related state laws. Plaintiff DEBORAH REINER is a "person with a disability" due to extreme anxiety, depression, and Post-Traumatic Stress Disorder ("PTSD").

2. Plaintiff is the owner of a condominium at the Dickens House. She lives there with three animals, two of which are emotional support animals ("ESA"). Defendants maintain the common area spaces at the Dickens House II, including, but not limited to, the hallways, staircases, and yard. Plaintiff and all the other condominium owners in the building pay monthly homeowners association dues to pay for the maintenance upkeep, and utilities of the common areas of the building.

3. One of the homeowners at the Dickens House regularly allows her dog to run off leash in the yard. This causes Plaintiff debilitating anxiety, fear, and inability to leave her home. Plaintiff has informed Defendants that she is a person with mental health disabilities, and she has repeatedly requested that Defendants enforce the rule that dogs must be on a leash and under the owner's control when in the common areas. Defendants, however, have taken no steps to enforce their own dog leash rule or the analogous county regulation.

4. Plaintiff has also asked Defendants to allow her to install a surveillance camera on her entrance door. Plaintiff explained that this would help

reduce the debilitating anxiety and fear caused by the dog running off leash in the yard. This was also requested because there have been homeless people in the hallway as well as wild animals, which has made Plaintiff fearful for her safety further exacerbating her disability. Defendants refused to allow Plaintiff to have a surveillance camera on her entrance door, despite another homeowner having such camera. Defendants eventually implemented a new rule that prohibits all homeowners at the Dickens House from having any surveillance cameras in part because Defendants want to make it more difficult to be sued.

5.  Lastly, after Plaintiff's repeated accommodation requests described above and complaining to the Department of Fair Employment and Housing in April 2023, Defendants retaliated against Plaintiff by threatening her with monetary penalties for having 3 pets in violation of the 2-pet rule. Defendants did this despite knowing that 2 of Plaintiff's dogs are ESAs.

6.  By this action, Plaintiff seeks the Court's assistance in forcing Defendants to live up to their responsibilities under federal and state disability laws. Plaintiff seeks an injunction compelling Defendants to implement nondiscriminatory policies and procedures and grant Plaintiff's reasonable accommodation requests and damages for the injuries Plaintiff has suffered and will continue to suffer until Defendants change their discriminatory behavior.

7.  **JURISDICTION:** This Court has jurisdiction of this action pursuant to 28 U.S.C. section 1331 for violations of the Fair Housing Act, 42 U.S.C. sections 3601 *et seq*. This Court has supplemental jurisdiction over the state-law claims brought under California law pursuant to 28 U.S.C. section 1367.

8.  **VENUE:** Venue is proper in this court pursuant to 28 U.S.C. section 1391(b) and is founded on the fact that the real property which is the subject of this action is in this district and that Plaintiff's causes of action arose in this district.

9.  **PARTIES:** Plaintiff is a qualified disabled person. Plaintiff suffers

3
COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

from extreme anxiety and obsessive-compulsive disorder, which dates back to childhood and more recently PTSD. The stress of a lawsuit relating to Plaintiff and her voluntary role on a homeowner association board has led to her mental health substantially deteriorating. These mental impairments are so severe that they substantially limit Plaintiff's major life activities including, but not limited to, sleeping, concentrating, thinking, and communicating. As of February 2023, she has been taking medication to help alleviate these conditions. Plaintiff is and at all times relevant was a "handicapped person" as defined by 42 U.S.C. section 3602, and a "person with a disability" as defined in 29 U.S.C. section 705(9)(B), California Government Code section 12926, the Unruh Civil Rights Act, California Civil Code section 51, the Disabled Persons Act, California Civil Code section 54.1, and Civil Code section 3345.

10. Defendant DICKENS HOUSE II HOMEOWNERS ASSOCIATION ("Homeowners Association" or "HOA") is and was the Homeowners Association of the building known as Dickens House II, a 13-unit condominium located at 15212-15222 1/4 Dickens St, Sherman Oaks, CA 91403. Plaintiff is further informed, believes and alleges that the Homeowners Association is an "owner" within the meaning of FEHA, Government Code § 12927(e), and a business establishment under the Unruh Act, Civil Code § 51.

11. Defendant HIGHER GROUND PROPERTY MANAGEMENT, INC. ("Higher Ground") holds the contract to manage the Dickens House building and provides property management for the HOA. Higher Ground is an owner and operator of the building within the meaning of fair housing laws. Plaintiff is further informed, believes, and alleges that Higher Ground is an "owner" within the meaning of FEHA, Government Code § 12927(e), and a business establishment under the Unruh Act, Civil Code § 51.

12. Plaintiff is informed, believes, and alleges that each Defendant is and was, at all times relevant, the agent, employee, or representative of each other

4
COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

Defendants. Each Defendant in doing the acts or in omitting to act as alleged in this Complaint, was acting within the course and scope of his or her actual apparent authority under such agency, or the alleged acts or omissions of each Defendant as agent were subsequently ratified and adopted by each Defendant as principal.

13. **FACTUAL STATEMENT:** Plaintiff bought her condominium in the Dickens House building in May 2000. She has paid monthly HOA membership dues as well as any required special assessments on HOA members since her purchase. From March 2001 to January 2022, she served as a board member of the HOA.

14. In March 2022, another homeowner at the Dickens House sued Plaintiff along with the Homeowners Association and the previous management company for discrimination. *Newman et al v. Dickens House Owners Association, Inc. et al*, Case No. 2:22-cv-01979-DSF-E (C.D. Cal). The homeowner that filed the aforementioned lawsuit continues to live at the premises. The experience of the lawsuit involving the homeowner and her continued presence at the premises has substantially compromised Plaintiff's mental health. Not only has this homeowner made threatening gestures toward Plaintiff, but she has also allowed her dog to run off leash around the yard. Plaintiff cannot exit her home while the dog is outside because the dog runs uncontrollably following Plaintiff. Plaintiff has had trouble sleeping, concentrating, and has been fearful of leaving her home.

15. On February 2023, Plaintiff provided letters to Defendants from her mental health professional requesting that she be permitted two ESAs at her home. Higher Ground's "Community Manager," Vincent Baiza, confirmed receipt of this correspondence. Neither Vincent Baiza nor anyone else on behalf of Defendants asked for any further documentation from Plaintiff in support of this accommodation request.

**Reasonable Accommodation: Permission to Have Security Cameras at Plaintiff's Entrance Doors**

16. To feel safer and help manage her anxiety, Plaintiff on May 12, 2023 requested from Defendants that she be permitted to put Ring doorbell cameras on her doors. Plaintiff did not believe that Defendants would take any issue with the installation of these cameras because Plaintiff's neighbor also had a surveillance camera on his door. The same day, Vincent Baiza wrote back to Plaintiff, "Confirming receipt of your email and it's been put in front of the Board for review and approval. I will let you know what they say. Thank you."

17. On May 19, 2023, Plaintiff sent a follow up email to Vincent Baiza requesting status on the request. On the same day, Vincent Baiza responded as follows: "The Board denied the request to install a ring camera, due to it being a potential invasion of privacy. I believe from your door you can see into several rooms of the neighboring unit." In response, Plaintiff told Vincent Baiza that it is unclear how the denial can be based on a legitimate privacy concern when her neighbor was allowed to have surveillance camera on his door. Plaintiff did not receive a response to her email.

18. On July 22, 2023, Plaintiff emailed Defendants the following renewed reasonable accommodation request:

> I request that I be permitted to install surveillance/ring cameras at my entrance doors. This will help alleviate the issues described above. Candace Newman Sanchez's dog has run towards my corridor, and I can't leave my home throughout the day and night while this is happening. Not to mention there have been homeless people in the corridor as well as wild animals, causing me severe anxiety fearing for my safety.

19. On July 24, 2023, Vincent Baiza confirmed receipt of this email.

20. Ultimately, rather than allowing Plaintiff to have a surveillance camera on her door, on September 11, 2023 Defendants adopted new rules for surveillance videos at Dickens House. According to the September 11, 2023 Addendum to Rules and Regulations Exterior Recording Devices, "Residents are not permitted to install

6
COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

or place any audio or video recording devices on the exterior of a unit, including but not limited to front and back doors and anywhere in the common areas. **This includes but is not limited to video doorbells.**" (emphasis added). This document provided these 6 reasons for this prohibition, with one of the reasons being that camera footage may be used as evidence for liability:

> 1. Installation and Wiring: Improperly installed or wired cameras could lead to a maintenance of safety issue, potentially affecting the appearance and safety of the community.
> 2. Aesthetics: The Association is concerned about the visual impact of recording devices on the exterior appearance of units.
> 3. Privacy: The Association is concerned that exterior recording devices could potentially infringe on privacy, as the cameras might capture images and activities in neighboring units which may be of a personal nature.
> 4. Recording and Data Storage: The Association is concerned about how recorded footage is stored, accessed, and potentially shared, which could raise legal and ethical questions.
> 5. Disputes: The Association is concerned that external recording devices could lead to disputes between n [*sic*] neighbors if their fields of view extend into neighboring units or if one neighbor feels uncomfortable being monitored by another.
> **6. Legal and Liability Issues: If cameras capture incidents that lead to legal matters (such as accidents or disputes), the Association could potentially become involved or liable.**

(emphasis added).

### Reasonable Accommodation: Enforcing Dog Leash Rule

21. Since March 2023, Plaintiff began continued email communication with Defendants asking that, as a reasonable accommodation for her disability, Defendants enforce its rule requiring dogs to be on leash and under the owner's control when in the common areas. Defendants have taken no affirmative steps. Defendants have failed to do this despite Plaintiff repeatedly informing Defendants of the incidents including sharing surveillance videos of the dog running off leash in the yard.

22. On April 4, 2023, Plaintiff wrote to Vincent Baiza:

> This is causing me severe stress, harming my mental heath. I will be talking to my doctor/s [*sic*] about this. I can't access the property like all other owners while her dog is running freely off leash. I feel very

7
COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

unsafe as I have already explained. This is happening multiple times daily.

23. The next day, Vincent Baiza wrote to Plaintiff:

Hello,

Confirming receipt of your email. This unit should be receiving a violation letter in the mail shortly and hopefully, this off leash habit will stop. Please keep me updated.

Thank you.

24. On April 5, 2023, Plaintiff again informed Vincent Baiza of a dog running off leash in the yard and shared a video of the incident. A day later, Vincent Baiza confirmed receipt of the email and video, and informed Plaintiff that "it's definitely the best evidence of the violation."

25. On April 17, 2023 and April 21, 2023, Plaintiff emailed Vincent Baiza telling him that there was a dog off leash in the yard barking and following her.

26. On May 16, 2023, Plaintiff asked Vincent Baiza if the HOA was aware of her dog off leash complaints. The same day, Vincent Baiza confirmed that the HOA was aware and that a violation letter was sent to the homeowner "but unfortunately, we were advised to rescind it because there is no concrete rule in the governing documents about having a pet off leash." Defendants' position was contrary to HOA's explicit rule stating, "The County and City ordinances pertaining to pets shall apply which provide, in part, that dogs must be kept on a leash or confined within the unit . . .If an animal become a nuisance, corrective action will be taken." On June 5, 2023, Plaintiff attended the annual HOA meeting. During this meeting, the board stated, "Dogs shall be leashed while in the common area."

27. On July 22, 2023, Plaintiff emailed Defendants the following renewed

reasonable accommodation request:

> Enforcing the dog leash rule/ordinance and the pet must be under the owner's control in the common area. As I had explained, failure to ensure that residents keep their dogs on leash and under their control in the common areas has caused me debilitating anxiety, depression, and has exacerbated my heart condition. Candace Newman Sanchez refuses to keep her dog on a leash and under her control as evidenced by the many surveillance videos and photos that I have shared. I feel like I am a prisoner in my own home throughout the day because of Candace Newman Sanchez's refusal to keep her dog on a leash and under her control.

28. On July 24, 2023, Vincent Baiza wrote back to Plaintiff: "Confirming receipt of your email. I'm putting this in front of the Board now and asking how they'd like to proceed. I'll be in touch with their response." Plaintiff never received a reply to this email.

29. On August 14, 2023, the HOA disseminated to the community members their proposed Pet Rules to be adopted on September 11, 2023. These new rules stated that "a dog must be restrained on a substantial leash not exceeding six feet in length by a person capable of controlling the dog, while on public property or common areas of private property."

30. The incidents with the dog running off leash in the yard persisted and Plaintiff continued to inform Defendants of the incidents. On August 24, 2023, Plaintiff received an email from Vincent Baiza saying that he will "inform the Board and they'll enforce accordingly." Yet Defendants continued to take no affirmative steps to enforce the dog leash rule. Then on September 11, 2023, the day that the new dog leash rule purportedly went into effect, Plaintiff received a notice of violation from Defendant Higher Ground claiming that it was Plaintiff that was in violation of the dog leash rule by allowing her dogs to run off-leash in the common areas. Plaintiff disputed and continues to dispute that there is any truth to this allegation. Plaintiff asked Defendants to provide evidence, which they have

1 failed to do.

2     31.    In the same letter, Defendants threatened monetary penalties because, according to Defendants, the Rules and Regulations limited residents to have no more than 2 animals, "small dogs or cats." Plaintiff has three animals, two of which are ESA. Defendants are aware of this. Plaintiff alleges that Defendants have threated monetary penalties in retaliation to Plaintiff's ongoing accommodation request and her complaint to the Department of Fair Employment and Housing.

    32.    On October 6, 2023, Plaintiff asked Vincent Baiza if the HOA, as a reasonable accommodation, would be willing to "post visible signs in the common areas that all dogs need to be on leashes?" Plaintiff did not receive a response to this email.

    33.    Plaintiff was forced to file this lawsuit to enforce her right to fair and equal access to her home, where Defendants' policies have barred her from freely coming and going, living her life, and enjoying her home.

**FIRST CAUSE OF ACTION:**
**VIOLATION OF THE FEDERAL FAIR HOUSINT ACT**
**(42 U.S.C. § 3601 *et seq.*)**

    34.    Plaintiff repleads and incorporates by reference, as if fully set forth again here, the factual allegations contained in Paragraphs 1 through 33, above, and incorporates them here by reference as if separately repled hereafter.

    35.    The Dickens House is a "dwelling" within the meaning of the Fair Housing Act (FHA). 42 U.S.C. § 3602.

    36.    For these reasons, Defendants have violated the protections afforded to Plaintiff under the FHA, including, but not limited to, the following:

        a.    Failing and refusing to make reasonable accommodations in policies, programs and procedures when such is necessary to afford Plaintiff an equal opportunity to use and enjoy the dwelling;

10
COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

   b. Failing and refusing to make the common use areas at the building readily accessible and useable by handicapped persons;

   c. Retaliation against Plaintiff for her reasonable accommodation request in violation of 42 U.S.C. § 3617.

37. Defendants have actual knowledge that Plaintiff is a person with a disability who requires accommodations to allow Plaintiff to safely use the common areas of Dickens House.

38. Plaintiff requested reasonable accommodations of her disability, and Defendants have variously delayed responding and refused to provide the necessary accommodations to Plaintiff which effectively denied Plaintiff full and equal access to her dwelling.

39. For these reasons, Plaintiff is entitled to actual damages, punitive and exemplary damages and injunctive relief as set forth below.

WHEREFORE, Plaintiff prays for damages and injunctive relief as stated below.

## SECOND CAUSE OF ACTION:
## VIOLATION OF CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT
*(Cal. Government Code § 12955 et. seq.)*

40. Plaintiff re-pleads and incorporates by reference, as if fully set forth hereafter, the factual allegations contained in Paragraphs 1 through of this Complaint and incorporates them herein as if separately re-pleaded.

41. The Fair Employment and Housing Act (FEHA) prohibits discrimination on the basis of disability in housing. Gov. C. § 12955 *et seq*.

42. The Dickens House is a "housing accommodation" within the meaning of FEHA. Cal. Gov't Code § 12927.

43. For these reasons, Defendants have violated the protections of FEHA as follows:

   a. Failure to modify policies and practices to provide reasonable

11
COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

    accommodations to Plaintiffs, including changes in policies, programs and procedures that allow persons with disabilities to enjoy their dwelling to the same extent as those without disabilities, and various unreasonable delays in responding to the accommodation request; and

  b. Harassment and retaliation in violation of Cal. Gov't Code § 12955.7.

44. For these reasons, Plaintiff is entitled to actual damages, punitive and exemplary damages and injunctive relief as set forth below.

WHEREFORE, Plaintiff prays for damages and injunctive relief as stated below.

**THIRD CAUSE OF ACTION:**
**VIOLATION OF THE CALIFORNIA DISABLED PERSONS ACT**
**(Cal. Civ. Code § 54 *et seq*)**

45. Plaintiff re-pleads and incorporates by reference, as if fully set forth again here, the allegations contained in Paragraphs 1 through 44 of this Complaint and incorporates them herein as if separately re-pleaded.

46. The Disabled Persons Act (DPA) requires, "Individuals with disabilities shall be entitled to full and equal access, as other members of the general public, to all housing accommodations offered for rent, lease, or compensation in this state, subject to the conditions and limitations established by law, or state or federal regulation, and applicable alike to all persons."  Civ. C. § 54.1(b)(1).

47. The subject apartment building is a housing accommodation within the meaning of California Civil Code section 54.1(b)(2).  Plaintiff is a person with a disability within the meaning of the DPA.

48. For these reasons, Defendant has violated the DPA as follows:

  a. Denying Plaintiff full and equal access to her housing accommodations, (Civ. C. § 54.1(b)(1));

      b.    Refusing to "make reasonable accommodations in rules, policies, practices, or services, when those accommodations may be necessary to afford individuals with a disability equal opportunity to use and enjoy the premises." (Civ. C. § 54.1(b)(3)(B));

49. Plaintiff has suffered actual damage as a result of such failures which she alleges stems from Defendants' knowing and intentional violation of her rights as a disabled person under California Law.

50. For these reasons, Plaintiff is entitled to statutory damages, actual damages, punitive and exemplary damages as set forth below.

WHEREFORE, Plaintiff requests relief as outlined below.

## FOURTH CAUSE OF ACTION: VIOLATION OF UNRUH CIVIL RIGHT ACT
### (Cal. Civ. Code § 51 *et. seq.*)

51. Plaintiff re-pleads and incorporates by reference, as if fully set forth again here, the allegations contained in Paragraphs 1 through 50 of this Complaint and incorporates them herein as if separately re-pleaded.

52. At all times mentioned here, the Unruh Civil Rights Act, California Civil Code 51(b), provided that:

> All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, or medical condition are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

53. The Dickens House is a business establishment and Plaintiff is a person with a disability within the meaning of the Unruh Act.

54. Defendant violated the Unruh Act by its acts and omissions, including, but not limited to, the following:

      a.    Failing and refusing to make reasonable accommodations in policies, programs and procedures when such is necessary to

13
COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

afford Plaintiff an equal opportunity to use and enjoy the dwelling;

b. Failing and refusing to make the common use areas at the building readily accessible and useable by handicapped persons; and

c. Harassment of retaliation against Plaintiff for her reasonable accommodation request.

55. Plaintiff does not claim a violation of the Americans with Disabilities Act (ADA) as incorporated into Unruh, Civil Code section 51(f). She claims a violation of Civil Code section 51(b), independently of the ADA under State law.

56. Plaintiff is informed, believes, and allege that Defendants' behavior, as alleged herein, was intentional: Defendants were aware and/or were made aware of their duties to refrain from establishing discriminatory policies and/or barriers preventing disabled persons from accessing its facilities, before this Complaint was filed.

57. Defendants' refusal to provide disabled homeowners with accessible public areas and common spaces in violation of the laws set forth above, demonstrates a knowing and willful disregard for the law in general and an intentional denial of rights of disabled homeowners in particular. Such conduct justifies an award of treble, punitive and exemplary damages along with all other relief sought.

WHEREFORE, Plaintiff requests relief as outlined below.

## **PRAYER**

Plaintiff has no adequate remedy at law to redress the wrongs suffered as stated in this Complaint. Plaintiff has suffered and will continue to suffer irreparable injury because of the unlawful acts, omissions, policies, and practices of Defendants as alleged herein, unless Plaintiff is granted the relief she requests.

Plaintiff and Defendants have an actual controversy and opposing legal positions on Defendants' violations of the laws of the United States and the State of California. The need for relief is critical because the rights at issue are paramount under the laws of the United States and the State of California.

WHEREFORE, Plaintiff DEBORAH REINER prays for judgment and the following specific relief against Defendants:

1. An order enjoining Defendants, their agents, officials, employees, and all persons acting in concert with them:

    a. From continuing the unlawful acts, conditions, and practices described in this Complaint;

    b. To provide a policy and procedure consistent with California and federal law to provide reasonable accommodations for persons with disabilities who live at the building or who wish to do so;

    c. Grant Plaintiff's reasonable accommodation request;

    d. To train Defendants' employees and agents in how to accommodate the rights and needs of disabled persons; and

    e. To implement nondiscriminatory protocols, policies, and practices for accommodating persons with disabilities.

2. Retain jurisdiction over Defendants until the Court is satisfied that Defendants' unlawful policies, practices, acts and omissions, and maintenance of inaccessible facilities and policies as complained of here no longer occur, and cannot recur;

3. Award to Plaintiff all appropriate damages, including, but not limited to, statutory damages, general damages, punitive and treble damages in amounts within the jurisdiction of the Court, all according to proof;

4. Award to Plaintiff all reasonable statutory attorney fees, litigation expenses, and costs of this proceeding as provided by law;

5. Award prejudgment interest under Civil Code section 3291; and

6. Grant any other relief that this Court may deem just and proper.

Date: November 29, 2023                          ALLACCESS LAW GROUP

                                           */s/ Irakli Karbelashvili*
                                           By IRAKLI KARBELASHVILI
                                           Attorney for Plaintiff
                                           DEBORAH REINER

## JURY DEMAND

Plaintiff demands a trial by jury for all claims for which a jury is permitted.

Date: November 29, 2023                          ALLACCESS LAW GROUP

                                           */s/ Irakli Karbelashvili*
                                           By IRAKLI KARBELASHVILI
                                           Attorney for Plaintiff
                                           DEBORAH REINER